IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQUELINE BROWN,
      Plaintiff,

v.                                  Case No. 3:06cv414/RV/EMT

FINLAY ENTERPRISES, INC. and
CARLYLE & CO.,
      Defendants.
_____/

## ORDER

      This cause is before the court upon Plaintiff's Motion to Compel Discovery (Doc. 49) and memorandum in support (Doc. 51), and Defendants' response thereto (Doc. 60).

I.      BACKGROUND

      Plaintiff is an African-American female (*see* Doc. 10 at 1).  In her amended complaint, she alleges that she was discriminated against by Defendants on the basis of her race when she was asked for a fingerprint while attempting to purchase jewelry from one of Defendants' stores in April 2006 (*see, e.g.*, *id.* at 3–4).  Plaintiff refused to provide her fingerprint and cancelled the transaction with Defendants (*see id.*).  Plaintiff then sent a Caucasian "tester" to a different store owned by Defendants in July 2006 to purchase a similar item of jewelry, and the Caucasian "tester" was not required to provide a fingerprint to purchase jewelry (*see id.* at 4–5).  Thus, Plaintiff alleges that she was discriminated against on the basis of her race in violation of 42 U.S.C. § 1981 (*see id.* at 6–7).

II.      DISCUSSION

      In the instant motion Plaintiff seeks an order requiring Defendants to produce certain

documents in response to her discovery requests.[1]  In particular, Plaintiff seeks an order compelling Defendants to answer requests for production ("RFP") Nos. 1, 5, 9, and 14, and interrogatories Nos. 6 and 8 (*see* Doc. 51 at 3–7, 9–10, 12–13, 14–16; *see also* Doc. 60 at 4–10).  After briefly reviewing the relevant rules, the court will address each discovery request in turn.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.  *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).  In addition, "discovery is not limited to issues raised by the pleadings."  Oppenheimer, 437 U.S. at 351.  Finally, discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b)(2).  If the documents

---

[1]Other disputed matters set forth in Plaintiff's motion have been resolved by the parties either in whole or in part (*see* Doc. 60 at 2–4).  Thus, the court will address only the discovery matters that the parties have not fully resolved.

for production are not in existence, the objecting party should so state under oath.  *See* <u>Cairnes v.</u>
<u>Chicago Exp., Inc.</u>, 25 F.R.D. 169, 170 (N.D. Ohio 1960).  An evasive or incomplete answer to a
request for production is to be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(4).  If a party fails
to answer a request for production, the discovering party may move for an order compelling a
response.  Fed. R. Civ. P. 37(a)(3).  Motions to compel discovery under Rule 37(a) are committed
to the sound discretion of the trial court.  *See* <u>Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729,
731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be
sustained absent a finding of abuse of that discretion to the prejudice of a party.  *Id.*

Within this framework, as supplemented where necessary, the court will address each of
Plaintiff's discovery requests.

A.      RFP Nos. 1 and 9[2]

1.      RFP No. 1

[RFP] No. 1: Each document that pertains to any fact, event or witness to any fact
or event alleged in any pleading or affidavit filed in connection with this action,
including, without limitation, any diaries, logs, video or audio tapes, journals,
handwritten notes, emails, planners, calendars and schedules.

(Doc. 51 at 3).  Defendants objected to this request on the basis of attorney/client and work product
privilege and provided a privilege log (*see id.*).  In addition, "[s]ubject to this objection," Defendants
provided customer transaction reports and receipts and copies of Defendants' Identiprint[3] and anti-
discrimination policies (*see id.*).  After Plaintiff's motion to compel was filed, Defendants provided
Plaintiff with an amended privilege log (*see* Doc. 60 at 2; *id.*, Attach. 2).

In the instant motion, Plaintiff argues that Defendants' privilege log is not sufficient for
Plaintiff to assess the applicability of the privilege or protection claimed by Defendants (*see* Doc.
51 at 3–4).  Thus, Plaintiff "asks the [c]ourt to compel Defendant[s] to produce a privilege log that
complies with Rule 26(b)(5)" of the Federal Rules of Civil Procedure (*see id.* at 4).  In response,
Defendants argue that the materials on their amended "privilege log are all clearly subject to either

---

[2]Defendants objected to RFP Nos. 1 and 9 on the basis of attorney/client or work product privilege (*see* Doc.
51 at 3, 9).  Thus, these requests will be addressed together.

[3]Identiprint is the trade name of the device used by Defendants to obtain fingerprints from customers.

the attorney client privilege or the work product privilege" (Doc. 60 at 6).  In particular, Defendants state that all of the relevant documents were "created or gathered in [] Defendants' attempt to investigate the facts of a transaction for which they had already been sued" (*id.* (emphasis removed)).  Therefore, Defendants argue that their objections should be sustained.

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>> (i) expressly make the claim; and
>> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery. *See* Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005).  General or blanket claims of privilege are insufficient for a party to withhold materials under a claim of privilege.  *Id.*  Failure to provide a privilege log does not result in an automatic waiver of the privilege.  Rather, courts apply a holistic analysis taking into account several factors to determine whether the privilege has been waived.  *See id.* (citing Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005)).

Here, Defendants have provided an amended privilege log (*see* Doc. 60, Attach. 2).  This log identifies the authors of the respective documents and their capacities, the recipients and their capacities, the subject matter of the document, the type of privilege claimed, and it provides an explanation of the reasons why the document is privileged or immune from discovery (*see id.*, Attach. 2 at 2–3).  For example, two entries provide:

| ITEM NUMBER | ITEM DESCRIPTION | PRIVILEGE CLAIMED | BASIS FOR PRIVILEGE |
|---|---|---|---|

| 1. | Email from Shanna Hendley, Legal Assistant to Bonni Davis, Esq. of Finlay, to Corporate HR manager Ronnie Gabon 11/20/06 5:54 pm, requesting names of Destin and Panama City store managers and sales employees dealing with Plaintiff and [Caucasian "tester"]; request to research customer transactions for Plaintiff and [Caucasian "tester"]. | Work Product | Investigation of background facts by VP of Human Resources in response to litigation and at the request of in-house counsel. |
|---|---|---|---|
| 6. | Statement of Veronica Smith, 9/30/06, taken at request of Regional Vice President William Castelli. | Work Product Attorney Client | Investigation of background facts by Regional VP in response to litigation and at the request of in-house counsel and corporate VP of HR Grabon |

The court concludes that Defendants' privilege log is adequate for Plaintiff to assess whether the identified documents are protected by a privilege. Therefore, Plaintiff's motion to compel Defendants to produce a more detailed privilege log will be denied.

2.      RFP No. 9

[RFP] No. 9: Each document that Defendants provided to or showed to any attorney who is representing or has represented Defendants in connection with this action.

(Doc. 51 at 9). In initially responding to this RFP, Defendants objected based on attorney/client and work product privileges (*see id.*). Defendants objected "further to having to place any such documents on a privilege log because merely to list [the documents] in that fashion reveals the internal strategy and thought processes of either [] Defendant[s], its attorneys or both" (*id.*).

In the instant pleadings, Plaintiff argues that this request calls for non-privileged information

only, and therefore, Defendants should be compelled to "respond accordingly" (*id.* at 10).   In response, Defendants argue that all of the documents they are withholding under claims of privilege were created after Plaintiff's suit was filed; thus, their objections should be upheld (*see* Doc. 60 at 9).

As the court previously noted, Rule 26(b)(5) requires the production of a log or index when a party withholds otherwise discoverable information under a claim of privilege.  *See* Fed. R. Civ. P. 26(b)(5)(A); *see also* <u>Universal City</u>, 230 F.R.D. at 695.  Moreover, " '[t]he party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions.  This burden is met when the party produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit from counsel.' " <u>Carnes v. Crete Carrier Corp.</u>, 244 F.R.D. 694, 689 (N.D. Ga. Aug. 23, 2007) (quoting <u>Triple Five of Minn., Inc. v. Simon</u>, 212 F.R.D. 523, 528 (D. Minn. 2002) (finding work product applicable where the asserting party "provided detailed privilege logs," which "for each document withheld listed the type of document, the date of creation, the author, the recipient, the subject matter, and the applicable privilege")).

Initially, the court notes that Plaintiff has requested documents that "<u>Defendants</u> provided to or showed to" its attorneys (*see* Doc. 51 at 9) (emphasis added).  Plaintiff has not requested documents <u>created by</u> Defendants' attorneys.  Therefore, it does not appear that the work product privilege applies, as the documents requested by Plaintiff should not contain the mental impressions, opinions, conclusions, or legal theories of Defendants' counsel, nor would it appear that the documents were necessarily prepared in anticipation of litigation.  Similarly, the attorney/client privilege would not appear to apply, as the documents should not contain confidential communications between Defendants' attorneys and Defendants.

Nevertheless, Defendants have stated that "[t]his request is obviously seeking documents which are subject to the . . . work product privilege[]" (*id.*).  Defendants, however, have not explained why these documents should be considered privileged work product, and it is certainly not clear to this court that all documents responsive to this request would necessarily be work product.  *See* <u>Freiermuth v. PPG Indus., Inc.</u>, 218 F.R.D. 694, 700 (N.D. Ala. 2003) (" 'The burden of establishing that a document is work-product is on the party who asserts the claim.' " (quoting

Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, Internal Revenue Service, 768 F.2d 719, 721 (5th Cir. 1985))).

Defendants further claim that producing a privilege log would in and of itself reveal the mental impressions of its agents or attorneys, or both (*see* Doc. 60 at 9–10).  However, Defendants have not provided the court with enough information to evaluate their claim of privilege over the privilege log.  *See* Estate of Manship v. United States, 232 F.R.D. 552, 561 (M.D. La. 2005) (explaining that Rule 26(b)(5) requires that the party claiming privilege must produce a log that will enable the other party to assess the claim of privilege and objections based upon privilege "can only be sustained if they are both properly asserted and the facts supporting the privilege[] are established by the evidence, not merely declared by lawyer argument").  Furthermore, Defendants have cited no authority in support of their contention that they do not have to produce a privilege log as required by Rule 26(b)(5), and Rule 26(b)(5) does not appear to permit a party to claim privilege without providing a description of the nature of the documents claimed to be privileged.  *See* Estate of Manship, 232 F.R.D. at 561 ("[e]ven if describing the protected materials in a log may be difficult to do without revealing the confidential nature of the documents, it is nevertheless the obligation of the [party claiming the privilege] under Fed. R. Civ. P. 26(b)(5).  No exception is made in [this] procedural rule for relevant and responsive documents contained in an attorney's legal files.").

Moreover, even assuming that Defendants could assert privilege over the privilege log itself, the court finds that Defendants have failed to meet their burden of establishing that producing the privilege log itself would reveal privileged information.  *See* PostX Corp. v. Secure Data Motion, No. C 02-04483 SI, 2004 WL 2623234, at *1 (N.D. Cal. June 9, 2004) (rejecting PostX's argument that production of a privilege log would itself reveal privileged information and explaining that "vague references to litigation strategy will not suffice" to meet PostX's burden because "[t]he revealing of litigation strategy, on its own, is not necessarily a sufficient argument to limit typical components of discovery"); *cf.* Williams v. Sprint/United Management Co., No. 03-2200-JWL-DJW, 2007 WL 634873, at *3–*5 (D. Kan. Feb. 27, 2007) (considering a similar claim and determining that production of documents erroneously listed on a privilege log by bates number with their original bates numbers intact would not reveal the mental impressions the party producing the documents even though the original bates numbers could be matched to documents

listed on the privilege log and thus supposedly to the attorney(s) who worked on the relevant matter); <u>Bohannon v. Honda Mot. Co. Ltd.</u>, 127 F.R.D. 536, 539–40 (D. Kan. 1989) (rejecting argument that counsel's gathering and selection of third-party documents constitutes opinion work product).   Therefore, Defendants will be ordered to respond to RFP No. 9.   In responding, Defendants should either produce the requested documents, or alternatively, respond by claiming privilege and producing a privilege log that complies with Rule 26(b)(5).

       B.       RFP No. 5

> [RFP] No. 5: Each document that constitutes, evidences or pertains to Defendants' thumb print policy, including without limitation: (a) all documents related to the taking of any thumb prints, including the actual thumb prints; (b) all documents (including without limitation electronic information) related to the identity of each customer of Defendants who provided or was asked to provide a thumb print, including name, address, telephone number, method of payment, credit card account, state of residence, and race or national origin; (c) all documents related to training programs, manuals, materials, or methods used to implement and/or enforce the thumb print policy; and (d) all documents related to any failure or possible failure of an employee or agent of Defendants to comply with the thumb print policy.

(Doc. 51 at 5).   Defendants objected to subparts (a) and (b) of this request because these subparts are "overly-broad and unduly burdensome because of the vastly improper and invasive nature of the information sought, because of the fact that the question seeks information outside the scope of proper discovery, and because of the lack of any temporal or geographic limitation on the information sought" (*id.*).   In particular, Defendants stated that these subparts are unduly burdensome because they seek "all details of every person ever asked to provide an Identiprint pursuant to Defendant[s'] policy at Defendant[s'] many stores, including such private customer information as credit card numbers, addresses and telephone numbers" (*id.*).   "Subject to these objections," Defendants stated that they cannot provide the information sought because they do not maintain fingerprint information beyond thirty (30) days of its request and do not maintain racial profiles of their customers (*see id.*).   With respect to subparts (c) and (d), Defendants stated that they do not have any documents responsive to those subparts (i.e., they have no training manuals and no records of any failure of an employee to comply with the fingerprint policy) (*id.*).

       In the instant motion, Plaintiff argues that Defendants' assertion that their "policy of 'requiring  all out of state credit card purchasers of its merchandise to provide a thumb or fingerprint

in order to complete jewelry purchases' " makes the information requested in subparts (a) and (b) relevant to her claims (*see* Doc. 51 at 5–6) (quoting affidavit of Ronnie S. Grabon, Vice President of Human Resources for Finlay Fine Jewelry Corporation and Carlyle & Co., Jewelers).  Next, Plaintiff argues that this information is "retained in electronic form" by Defendants, and thus Plaintiff asserts that the expense and burden of production should be minimal (*see id.* at 6).  Plaintiff also asserts that she offered to enter into a protective order that would preclude dissemination of any potential confidential customer information (*id.*).  In response to Plaintiff's motion, Defendants state that they have searched their records and found documents responsive to subparts (a) and (b) "dating back to May 30, 2006, some four months prior to the filing of this action" by Plaintiff (*see* Doc. 60 at 7).  Defendants state that these documents, from the Destin, Florida store, will be produced to Plaintiff (*id.*; *see also* Doc. 59 at 3 (explaining that the documents to be produced are from the Destin, Florida store)).  However, with respect to any other responsive documents, Defendants argue that they have thirty-four (34) stores in nine (9) states and that Plaintiff has not met the burden for " 'company wide' discovery" (Doc. 60 at 7).  Defendants contend that Plaintiff's allegations relate to Plaintiff's transaction at their Destin, Florida store and that discovery should be limited to "the local unit of [] Defendants [(the Destin, Florida store)] involved with [] Plaintiff (*see id.* at 7–8).

    As Defendants point out, in a discrimination case when decisions were made locally, discovery on intent should be limited to the local unit involved in the decision.  *See, e.g.*, Wells v. Xpedx, No.  8:05-CV-2193-T-EAJ, 2007 WL 1200955, at *6 (M.D. Fla. 2007) (discussing employment discrimination cases and citing Sweat v. Miller Brewing Co., 708 F.2d 655, 658 (11th Cir. 1983) and Earley v. Champion Int'l Corp., 907 F.2d 1077, 1085 (11th Cir. 1990)).  "In order to expand discovery beyond the local unit, [] plaintiff must make some showing of particularized need and likely relevancy."  *Id.* (citing Brown v. Am. Honda Mot. Co., Inc., 939 F.2d 946, 954 (11th Cir. 1991), *cert. denied*, 502 U.S. 1058 (1992)).  However, the Eleventh Circuit explained in Sweat that liberal discovery rules are applied in discrimination cases, statistical information concerning policy and practice concerning minorities may be relevant to a showing of pretext ("even in a case alleging an individual instance of discrimination rather than a 'pattern and practice' of discrimination"), and the district court has "broad discretion . . . in discovery matters."  708 F.2d at 658 (discussing discrimination in the context of an employment case).

Here, it is clear that Defendants, not Plaintiff, have claimed that all of their stores follow the same fingerprint policy (*see, e.g.*, Doc. 51 at 5–6) (quoting affidavit of Mr. Grabon). Furthermore, given Defendants' contention regarding all of their stores, evidence of whether Defendants' other stores adhere to the same policy and practice is relevant to Plaintiff's claim. Thus, in light of the fact that Plaintiff has offered to enter into a protective order to avoid disclosure of confidential customer information, the only remaining issue is whether being required to produce all of the documents responsive to Plaintiff's request will impose an undue burden on Defendants.

As noted by the court in <u>Sweat</u>, the district court has broad discretion in managing pretrial discovery matters. *See* 708 F.2d at 658; *see also* <u>Klay v. All Defendants</u>, 425 F.3d 977, 982 (11th Cir. 2005) (citing <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1263 (11th Cir. 2002)). Furthermore, the party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or unduly burdensome. *See, e.g.*, <u>Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550, 1559 (11th Cir. 1985).

In this case, the court finds that Defendants would be unduly burdened if they were required to produce all documents responsive to subparts (a) and (b) of this request from all of their out-of-state stores dating back to the institution of the fingerprint policy in mid-1998 (*see* Doc. 59 at 3).[4] However, Defendants would not be burdened by a less onerous request. Specifically, Defendants have stated that they will produce (or have produced) to Plaintiff documents responsive to subparts (a) and (b) dating from May 30, 2006 to September 25, 2006 (the date this lawsuit was filed) from the Destin, Florida store (*see* Doc. 60 at 7; *see also* Doc. 59 at 3 (explaining that records from the Destin, Florida store will be produced)). Defendants have failed to show how it would unduly burden them to produce any similar documents from some of its other stores (who apparently all follow the same anti-discrimination policy) in geographically close locations (especially the Panama City, Florida store — where Plaintiff alleges her Caucasian "tester" was not required to provide a fingerprint to purchase jewelry). Therefore, Defendants will be required to respond in part to

---

[4]The court notes that Defendants have stated that one month of records constitutes approximately one "box[]" of records (*see* Doc. 59 at 3). Thus, producing documents from 34 stores for even one month would entail approximately 34 boxes of records. The court also notes that this assertion (i.e., that one month equals one box of records) seems to refute Plaintiff's claim that the documents are easily retrievable because they are "retained in electronic form" (*see* Doc. 51 at 6).

subparts (a) and (b) of RFP No. 5, limited geographically and temporally.  *See* Fed. R. Civ. P.
26(b)(2)(C) (explaining that the court must limit discovery when, among other reasons, the burden
or expense of the proposed discovery outweighs its likely benefit[] considering the needs of the
case").  Specifically, Defendants will be ordered to produce all responsive documents from their
Alabama, Florida, and Georgia stores, for a thirty-day period that is <u>as close as possible</u> to April 28,
2006, the date of Plaintiff's attempted jewelry purchase (*see, e.g.*, Doc. 10 at 3).[5]  Defendants cannot
be compelled to respond to subparts (c) and (d), as the court cannot order Defendants to produce
something that does not exist.

> C.      RFP No. 14 and Interrogatory No. 6
>
> [RFP] No. 14: Each document that reflects the legal and operational relationship
> between Finlay Enterprises, Inc., any of its subsidiary or affiliate entities, including
> without limitation Finlay Fine Jewelry Corporation, Carlyle & Co., Carlyle & Co.
> Jewelers and Carlyle & Co. of Montgomery, Inc. — including organizational charts
> and other documents identifying corporate officers and directors.

(Doc. 51 at 12).  Defendants objected to this request because it is "vague," "overly-broad and unduly

burdensome," and seeks irrelevant information (*see id.*).  In particular, Defendants complained that

the term "operational relationship" is undefined and that the request was "unduly broad and

burdensome because the organizational documents of the entities in question and the identities of

their officers and directors do absolutely nothing to prove or disprove any issue raised in the

[complaint] and is not reasonably calculated to lead to the production of admissible evidence" (*id.*).

> Interrogatory No. 6: Describe in detail the legal and operational relationship between
> Finlay Enterprises, Inc., any of its subsidiary or affiliate entities, and the store at
> which Plaintiff attempted to purchase jewelry in April 2006. Your answer should
> include, but not be limited to, a discussion of the inter-relation of Finlay Enterprises,
> Inc., Finlay Fine Jewelry Corporation, Carlyle & Co., Carlyle & Co. Jewelers and
> Carlyle & Co. of Montgomery, Inc.

(Doc. 51 at 14).  Defendants responded by referring Plaintiff to their "most recent SEC . . . filings

which are public records" (*id.*).  Defendants then answered the question as follows:

> Finlay Enterprises, Inc. is a NASDAQ listed company and is the parent corporation
> of Finlay Fine Jewelry Corporation.  Finlay Fine Jewelry Corporation is the parent

---

[5]To the extent this information contains confidential customer data, the parties are encouraged to enter into a
stipulated protective order to prevent disclosure of confidential information.

corporation of Carlyle & Co., Jewelers.  All are Delaware corporations.  Carlyle & Co., Jewelers was purchased by Finlay Fine Jewelry Corporation on May 19, 2005.  Carlyle & Co. of Montgomery no longer exists as it was merged into its parent corporation, Carlyle & Co. Jewelers, in October of 2006.

(*id.*).

In the instant motion, Plaintiff argues that information regarding Defendants' organizational structure and its subsidiaries and affiliate entities "is directly relevant to Plaintiff's ability to identify appropriate officers responsible for the alleged policies and practices here at issue and is within the [] scope of [] discovery" (Doc. 51 at 12–13).  With respect to interrogatory No. 6, Plaintiff argues that Defendants' response is improper and insufficient because Defendants' answer references external documents (*id.* at 15).  Further, Plaintiff argues that by failing to object to interrogatory No. 6, Defendants have waived any objections they may have had and must fully answer the interrogatory (*id.*).  In response, Defendants argue that RFP No. 14 is overly broad, unduly burdensome, seeks irrelevant information, and "is only calculated to harass the companies and persons involved" (Doc. 60 at 9).  Further, Defendants state that they adequately described the relationship between the Defendant corporations in response to interrogatory No. 6 (*see id.* at 9–10).

Rule 33 provides that a party may serve up to twenty-five (25) written interrogatories upon another party.  Fed. R. Civ. P. 33(a).  Answers must be provided under oath and signed by the person making them; any objections must be signed by the attorney making them.  Fed. R. Civ. P. 33(b)(1), (5).  Answers should be complete in and of themselves.  Fed. R. Civ. P. 33(b)(3).  Incorporation by reference to a separate document is not a responsive answer.  *See* <u>Dipietro v. Jefferson Bank</u>, 144 F.R.D. 279, 282 (E.D. Pa.  1992) (citing 4 James Wm. Moore *et al*., Moore's Federal Practice (2d ed. 1989)).  Objections to any interrogatory must be stated specifically, and unless such objection is stated within the thirty (30) days permitted for answers to be served upon the requesting party, such objections are deemed waived unless the failure to object is excused by the court for good cause shown.  Fed. R. Civ. P. 33(b)(2), (4).  Furthermore, the objecting party shall answer the interrogatory to the extent that it is not objectionable.  *See* Fed. R. Civ. P. 33(b)(3).

In this case, the court finds that Defendants waived any objection that they may have had to interrogatory No. 6 by failing to make it at the time of answering interrogatory No. 6 and by failing to show good cause for their failure to do so.  Furthermore, Defendants' attempt to answer this

interrogatory by referencing external documents is not a responsive answer. *See, e.g.*, Fed. R. Civ. P. 33(b)(3); <u>Dipietro</u>, 144 F.R.D. at 282. Therefore, Plaintiff's motion to compel Defendants to fully answer interrogatory No. 6 will be granted. Moreover, Plaintiff's motion to compel will also be granted with respect to RFP No. 14 because RFP No. 14 seeks essentially the same information called for in interrogatory No. 6 and because the court does not view production of Defendants' legal and organizational documents to impose an undue burden on Defendants.

      D.      Interrogatory No. 8

      Interrogatory No. 8: Identify each person who has worked for Defendants at the store at which Plaintiff attempted to purchase jewelry in April 2006 at any time since the thumb print policy was implemented, including without limitation: (a) the race or national origin of the person; (b) the period of the employment or contractual working relationship; (c) the title of the position held and duties performed in the course of the working relationship; (d) whether the position involved conducting transactions with the public; and (e) whether the position involved supervision or management of employees or agents of Defendants who conducted transactions with the public.

(Doc. 51 at 15). Defendants objected to this interrogatory as overly board and unduly burdensome because it calls for information about "all employees of the store where [] Plaintiff sought to do business after the Identiprint policy was implemented, without regard for whether the employee dealt with [] Plaintiff, was even employed at the time of the transaction, and asking for the race of each such employee" (*see id.*). Defendants also object to the production of this information because it is irrelevant (*see id.*).

      In the instant motion to compel, Plaintiff argues that Defendants have "provided no response and no meaningful objection to this interrogatory" (*id.* at 16). In response, Defendants state that they are producing the employment files for the store manager and the sales clerk who actually dealt with Plaintiff (Doc. 60 at 10). Defendants are also producing "[t]he only other complaint by a customer of racial discrimination" (*id.*). With respect to the remaining records called for in this interrogatory, Defendants argue that "[i]dentifying all other store employees since the date of the fingerprint policy (summer 1998) serves to advance or defeat no issue in this case" (*id.*). Further, Defendants argue that producing these records would place an undue burden on them (*see id.* at 10–11).

The court cannot agree with Defendants' objections in their entirety.  In particular, the court finds that current or former employees of Defendants who work or worked at Defendants' Destin, Florida store may have knowledge of how the fingerprint policy was actually applied by Defendants in that store.  Moreover, merely providing the names, last known addresses, and titles of these employees clearly will not impose an undue burden on Defendants because it is highly likely that this information can be obtained from a cursory review of the relevant employees' personnel files. Therefore, Plaintiff's motion to compel will be granted in part.  Defendants will be ordered to provide to Plaintiff the names, last known addresses, and titles of their employees who are or were employed at the Destin, Florida store from the time the fingerprint policy was instituted ("summer 1998") to the date of the filing of this action (September 25, 2006).  Defendants will not be ordered to compile and provide the other information requested by Plaintiff (race/national origin, period of employment, and whether the employee supervised others or worked with the public) because some of this information is irrelevant or compiling it would impose an undue burden on Defendants; thus, Plaintiff's motion will be denied in this respect.

III.    SANCTIONS

The remaining issue is whether either party is entitled to fees.  Federal Rule of Civil Procedure 37(a)(5)(C) provides:

> [i]f the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The court "has wide latitude in imposing sanctions for failure to comply with discovery."  Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).  "Rule 37 sanctions are to be applied diligently."  In re Stauffer Seeds, Inc., 817 F.2d 47, 49 (8th Cir. 1987).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate.  Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421–22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the

appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In the instant case, the court does not consider the award of sanctions to either party to be appropriate.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Motion to Compel Discovery (Doc. 49) is **GRANTED in part and DENIED in part**.

2.      Plaintiff's motion is **GRANTED** to the extent that within **TWENTY (20) DAYS** of the date of docketing of this order Defendants shall:

A.      Respond to RFP No. 9 by either producing the requested documents or a privilege log that complies with Rule 26(b)(5).

B.      Respond to RFP No. 5 by producing all documents responsive to subparts (a) and (b) of this request from their Alabama, Florida, and Georgia stores for a thirty-day period that is as close as possible to April 28, 2006.  If no such documents exist, Defendants shall communicate that information to Plaintiff within the same time.

C.      Answer interrogatory No. 6 fully and respond to RFP No. 14 to the extent that the responsive documents are not duplicative of their response to interrogatory No. 6.

D.      Answer interrogatory No. 8 by providing to Plaintiff the names, last known addresses, and titles of Defendants' employees who are or were employed at the Destin, Florida store from the time that the fingerprint policy was instituted ("summer 1998") to the date of the filing of this action (September 25, 2006).

3.      Plaintiff's motion is **DENIED** in all other respects.

4.      Neither party is awarded fees or costs in connection with this motion.

**DONE AND ORDERED** this 4th day of January 2008.


                                        /s/ Elizabeth M. Timothy
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**