IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQUELINE BROWN,
    Plaintiff,

v.                                    Case No. 3:06cv414/RV/EMT

FINLAY ENTERPRISES, INC. and
CARLYLE & CO.,
    Defendants.
_____/

**ORDER**

        This cause is before the court upon Plaintiff's Motion for Spoliation Sanctions (Doc. 50) and memorandum in support (Doc. 52), and Defendants' response thereto (Doc. 59).

I.    BACKGROUND

        Plaintiff is an African-American female (*see* Doc. 10 at 1). In her amended complaint, she alleges that she was discriminated against by Defendants on the basis of her race when she was asked for a fingerprint while attempting to purchase jewelry from one of Defendants' stores in April 2006 (*see, e.g.*, *id.* at 3–4). Plaintiff refused to provide her fingerprint and cancelled the transaction with Defendants (*see id.*). Plaintiff then sent a Caucasian "tester" to a different store owned by Defendants in July 2006 to purchase a similar item of jewelry, and the Caucasian "tester" was not required to provide a fingerprint to purchase jewelry (*see id.* at 4–5). Thus, Plaintiff alleges that she was discriminated against on the basis of her race in violation of 42 U.S.C. § 1981 (*see id.* at 6–7).

II.    DISCUSSION

        In the instant motion, Plaintiff seeks an order of this court imposing sanctions on Defendants for their alleged "destruction of documentary records that would have been directly probative of Plaintiff's claim" that she was discriminated against by Defendants when they required her to

provide a fingerprint prior to purchasing jewelry but failed to collect the same from similarly-situated non-black customers (*see* Doc. 52 at 1).  In brief, Plaintiff states that in response to her discovery requests Defendants admitted that they destroyed certain documents relevant to this action and responsive to request for production ("RFP") No. 5 (*see id.* at 2).  The relevant request provides:

> [RFP] No. 5: Each document that constitutes, evidences or pertains to Defendants' thumb print policy, including without limitation: (a) all documents related to the taking of any thumb prints, including the actual thumb prints; (b) all documents (including without limitation electronic information) related to the identity of each customer of Defendants who provided or was asked to provide a thumb print, including name, address, telephone number, method of payment, credit card account, state of residence, and race or national origin; (c) all documents related to training programs, manuals, materials, or methods used to implement and/or enforce the thumb print policy; and (d) all documents related to any failure or possible failure of an employee or agent of Defendants to comply with the thumb print policy.

(*id.* at 3).  In initially responding to RFP No. 5, Defendants stated that they do "not retain any Identiprint information beyond thirty (30) days of its request and do not maintain racial profiles on [their] customers so as to be able to reply to this request" (*id.* (emphasis removed)).  Therefore, in the instant motion, Plaintiff argues that Defendants have admitted that they destroyed (and continue to destroy) the Identiprint information relevant to this action and responsive to RFP No. 5 (*see id.* at 3–4).  Further, Plaintiff argues that this information was "the only documentary evidence capable of" answering the question of "whether Defendant[s] actually and uniformly require[] similarly-situated customers outside of Plaintiff's protected class to submit fingerprints pursuant to the Identiprint policy" (*id.* at 2).

In response, Defendants explain that after Plaintiff filed the instant motion (and a separate motion to compel (*see* Doc. 49)), "Defendants determined that their [response to RFP No. 5] was in error" (*see* Doc. 59 at 2).[1]  Defendants then supplemented their response to RFP No. 5 and

---

[1] It is unclear why Defendants did not discover their "error" prior to the filing of Plaintiff's motion for sanctions. In particular, the court notes that on October 10, 2007, counsel for Plaintiff sent to Defendants' counsel a six-page letter explaining Plaintiff's concerns regarding the "destruction of evidence" (*see* Doc. 52 at 4; *see also* Doc. 49, Attach. 1 at 2–3 (letter from Plaintiff's counsel addressing the spoliation issue)).  Plaintiff's motion for sanctions was not filed until November 19, 2007, over one month later (*see* Docket Entry 50).

The parties are again reminded that before they bring a discovery dispute to this court for resolution, they are required by the Local Rules to confer in a good faith attempt to resolve their dispute without court intervention.  *See* N.D. Fla. Loc. R. 7.1(B); *see also* Doc. 54 (court's order concerning discovery disputes )).  The issues raised in the instant motion appear to be matters that the parties could have resolved if they had actually conferred in a good faith effort to

explained that no responsive Identiprint records exist prior to May 30, 2006; however, records exist from May 30, 2006 to the present time (*see id.* at 2–3). Moreover, Defendants promised to produce to Plaintiff "all transaction records for the Destin store where Plaintiff's transaction occurred" from May 30, 2006 to the date that this action was filed (September 25, 2006) (*see id.* at 3). Thus, Defendants argue that Plaintiff's motion for spoliation sanctions should be denied because no spoliation has occurred (*see id.*).

" 'Spoliation' is the 'intentional destruction, mutilation, alteration, or concealment of evidence.' " Optowave Co. v. Nikitin, No. 6:05-cv-1083-Orl-22DAB, 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7, 2006) (quoting Black's Law Dictionary 1437 (8th ed. 2004)). Generally, spoliation is established when the party seeking sanctions proves (1) that the missing evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant being able to prove its prima facie case or defense. *See* Optowave, 2006 WL 3231422, at *8. Additionally, in the Eleventh Circuit sanctions for spoliation of evidence are appropriate "only when the absence of that evidence is predicated on bad faith . . . . Mere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (internal quotations and citations removed); *see also* Lockheed Martin Corp. v. L-3 Commc'ns Corp., No. 6:05-cv-1580-Orl-31KRS, 2007 WL 3171299, at *2 (M.D. Fla. Oct. 25, 2007) (explaining the same).

Here, Plaintiff's complaint was filed on September 25, 2006 (*see* Docket Entry 1), and served on Defendants on or about October 16, 2006 (*see* Doc. 52 at 6). Thus, as Defendants explain, the "records that can be provided extend back almost four months prior to the date this case was filed" (*id.* at 3). It therefore appears that Defendants have not destroyed documents as alleged by Plaintiff in the instant motion. Furthermore, the court cannot find that Defendants acted in a bad faith by destroying records because they have preserved records that predate the filing of this action. *See* Bashir, 119 F.3d at 931 (negligent destruction of evidence is insufficient to support an adverse

---

resolve this dispute. In particular, upon discovering their "error," Defendants promised to produce to Plaintiff the requested documents (*see* Doc. 59 at 2). Thus, the instant motion merely serves as a vehicle to lodge, as of now, unfounded allegations concerning the destruction of evidence.

Case No. 3:06cv414/RV/EMT

inference instruction). As such, the court finds that no spoliation has occurred because the records that Plaintiff seeks have not been destroyed.[2] Thus, Plaintiff's motion shall be denied.

Accordingly, it is **ORDERED** that:

Plaintiff's Motion for Spoliation Sanctions (Doc. 50) is **DENIED**.

**DONE AND ORDERED** this 4th day of January 2008.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Although it is not clear, it appears that the instant motion was filed based on Plaintiff's belief that documents from the Destin, Florida store were destroyed — documents that are clearly relevant to Plaintiff's claims. By separate order issued on today's date, however, the court has ordered Defendants to produce to Plaintiff documents responsive to subparts (a) and (b) of RFP No. 5 from stores other than the Destin, Florida store. Specifically, Defendants have been ordered to produce responsive documents from their Alabama, Florida, and Georgia stores for a thirty-day period that is as close as possible to April 28, 2006, the date Plaintiff attempted to purchase jewelry from Defendants' Destin store (*see, e.g.*, Doc. 10 at 3). If documents from the other stores do not exist (or if they are available only for a thirty-day period that is remote from the date of Plaintiff's attempted jewelry purchase), the court would not be compelled to find that Defendants have impermissibly destroyed evidence, as the duty to preserve documents from Defendants' other stores was not clearly evident, and those documents are not crucial to Plaintiff's ability to prove a prima facie case of discrimination.