IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQUELINE BROWN,

    Plaintiff,

v.                                  Case No.: 3:06-cv-414/RV/EMT

FINLAY ENTERPRISES INC., and
CARLYLE & CO. OF MONTGOMERY INC.
a/k/a CARLYLE & CO., d/b/a
CARLYLE & CO. OF PANAMA CITY

    Defendants.
_____/

## **ORDER**

      This action, brought pursuant to Title 42, United States Code, Section 1981, involves allegations of consumer discrimination or, as the plaintiff describes it, "shopping while black." Now under consideration is the Carlyle defendant's motion for summary judgment (doc. 82).

**I. Background**

      The facts underlying this case are simple and, except where otherwise noted, undisputed. The defendants own and operate jewelry stores in various states. The plaintiff, Jacqueline Brown, is a black female and Florida resident. She lives part-time in the state of Maryland, and she uses a P.O. Box address in Upper Marlboro, Maryland, for personal correspondence. On April 28, 2006, the plaintiff entered the defendants' store in Panama City, Florida, in order to purchase jewelry. During the sales transaction, the plaintiff was asked to provide certain things. First, she was asked to show some identification --- in response to which she produced her Florida driver's license, her Maryland driver's license, or both --- and she was then asked to orally confirm the

address on that identification, which she did.[1] After giving the requested information, she was asked to provide a fingerprint or "finger signature." The sales clerk told her that it was company policy to require the information and fingerprints before allowing a customer to take possession of purchased jewelry. The plaintiff refused to provide her fingerprints and told the clerk that she believed she was being discriminated against on account of her race. After speaking with the manager, and being told again that the fingerprint signature was required under company policy, she requested that the transaction be reversed and that her credit card be reimbursed. The defendants granted her request and voided the transaction.

Thereafter, the plaintiff arranged for a white "tester" to go into the same Panama City location and purchase the same jewelry that she attempted to buy. The tester was not asked to produce identification; she was not asked to confirm her address; nor was she asked to provide her fingerprints. This litigation followed, and the Carlyle defendant now moves for summary judgment.

**II. Applicable Law**

A. *Summary judgment standard*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

---

[1] The plaintiff claims that she produced her Florida license and confirmed the Florida address listed thereon. The defendant claims, however, that she produced her Maryland license, as shown by the fact that the store apparently entered her P.O. Box address in Upper Marlboro into their computer. *See* doc. 83-3 (affidavit of Phil Kirby ¶7). When asked at deposition to explain how the store got her Maryland address if not from her driver's license, the plaintiff said "I have no idea." As will be discussed *infra*, I need not resolve this factual dispute. Ultimately, for purposes of summary judgment, it makes no difference whether she produced her Florida and/or Maryland license.

*Case No.: 3:06-cv-414/RV/EMT*

party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). On summary judgment, the record evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. National Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267-68 (11th Cir. 2003).

B. *Discrimination claim under Section 1981*

To state a claim under Section 1981, "a plaintiff must identify 'an impaired 'contractual relationship' . . . under which the plaintiff has rights.'" Kinnon v. Arcoub, Gopman & Assocs., Inc., 490 F.3d 886, 890 (11th Cir. 2007) (*quoting* Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006), *in turn quoting* 42 U.S.C. § 1981(b)). The elements of a cause of action under Section 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate against her on the basis of race; and (3) that the alleged discrimination concerned one or more of the activities enumerated in the statute. See id. at 891. The parties agree that elements (1) and (3) are present here, so the only question is whether there is a genuine disputed issue of material fact as to whether the defendant intended to discriminate against the plaintiff on the basis of her race.

In the absence of direct evidence of discrimination (and none is alleged here), a plaintiff may demonstrate intentional discrimination through the firmly established three step burden-shifting standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this framework:

> The initial burden rests with the plaintiff to demonstrate by a preponderance of the evidence a prima facie case of discrimination. This burden is not onerous, and can be met by simply demonstrating that the plaintiff is a member of a minority group, that [she attempted to enter into a contract with the defendant], that the application or bid was ultimately rejected, and that the contract was eventually given to an individual who is not a member of a protected class. Thereafter the defendant must come forward with evidence demonstrating legitimate, nondiscriminatory reasons for its conduct. It is important to note that the burden on the defendant is one of production not persuasion. Once the defendant

satisfies this obligation, it is incumbent on the plaintiff to produce evidence suggesting that those reasons are merely a pretext, the real reason for the action having been based on race.

Brown v. American Honda Motor Co., Inc., 939 F.2d 946, 949-50 (11th Cir. 1991) (multiple citations omitted). In support of its motion for summary judgment, the defendant argues that the plaintiff has failed to establish her prima facie case, and, even if she has satisfied her initial burden, she has failed to demonstrate pretext.

### III. Discussion

For its first argument, the defendant contends that the plaintiff has not put forth evidence establishing that she was treated differently than similarly situated white customers, *i.e.*, she has not shown that "the contract was eventually given to an individual who is not a member of a protected class." See Brown, supra, 939 F.2d at 949. The defendant submits that it has a race neutral company policy that required her to give fingerprints prior to purchasing the jewelry. However, there is considerable confusion among the defense witnesses as to when and under what circumstances the policy should apply. I need not enter the thicket of conflicting evidence on this point for even though the policy --- whatever it may be --- is race neutral on its face, there is a disputed issue of fact as to whether it is applied in a race neutral fashion. The evidence indicates, for example, that the policy was not enforced by the store in question in the vast majority of instances (upwards of 80%). Specifically, the record reflects that there were <u>eighteen</u> customers who fell within the policy and who bought jewelry from the same store during the same month that the plaintiff attempted her purchase, yet <u>only three</u> were required to give fingerprints. Of those patrons who were not fingerprinted, the plaintiff has secured affidavits from three. They are white.[2]

Furthermore, as noted earlier, the record indicates that the plaintiff arranged for a white tester to go into the same store and make a credit card purchase of the same jewelry she tried to purchase. The tester was not required to furnish a driver's license,

---

[2] The defendant has filed a motion to strike the affidavits filed by these individuals (doc. 90), which will be denied by separate order.

*Case No.: 3:06-cv-414/RV/EMT*

confirm her address, or provide fingerprints. The defendant argues that this white customer was not similarly situated to the plaintiff because, unlike the plaintiff (who lived at least part-time in Maryland), the tester only provided a Florida address. This argument is unpersuasive for two principal reasons. First, as already indicated, the plaintiff denies that she gave the sales clerk her Maryland address. Rather, she affirms by sworn affidavit that she only provided the clerk with her Florida driver's license and her Florida address. This disputed fact must be resolved in her favor. But, even if it is assumed that the plaintiff gave the clerk her Maryland address, that would still not explain why she was asked to provide fingerprints but the tester was not. Indeed, the Vice President of Carlyle & Co., William Castelli, testified at deposition that the <u>any</u> "new customer purchasing jewelry that's less than $2,000" (which is a class that would include the tester) is subject to the fingerprint policy. In other words, even though the plaintiff lived out of state part-time, and even though the white tester did not, both were subject to the same policy. The fact that the tester was not asked to provide her fingerprints but the plaintiff was, coupled with the store's failure to enforce that policy against the vast majority of other customers (certain of whom were white), permits the inference on summary judgment that the difference in treatment was due to race. Therefore, the plaintiff has stated a prima facie case.[3]

      The defendant further argues that even if the plaintiff has satisfied her prima facie burden, she has failed to establish pretext. I do not agree. The plaintiff may demonstrate

---

[3] In an attempt to rebut this evidence of disparate treatment, the defendant contends that there was a white customer who was asked to provide a fingerprint on the same day that the plaintiff attempted her purchase. However, this fact does little to help the defendant. First, this other purchase was in excess of $10,500.00, which was substantially greater than the plaintiff's attempted $1,102.40 purchase. Furthermore, and perhaps more significantly, the sales records reveal that this other purchase was made <u>after</u> the plaintiff attempted hers, and thus <u>after</u> the defendant was on notice that she felt the fingerprint requirement was discriminatory in nature. As the plaintiff persuasively argues, in light of the near uniform failure to fingerprint other comparable customers throughout the month of April 2006, a jury may well conclude that the defendants' obtaining a fingerprint from a white customer a few hours after the event in question was a self-serving effort to blunt the force of the plaintiff's allegations.

*Case No.: 3:06-cv-414/RV/EMT*

pretext with evidence that even though she fell within the fingerprint policy, customers outside her protected class engaged in similar acts yet were not treated the same. See Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1363 (11th Cir. 1999) (setting forth that pretext standard in the analogous "work rule" employment discrimination context). For the reasons already stated, the plaintiff has proffered evidence that she was required to submit to fingerprinting, while at least four white patrons who fell under the purported policy (the three real customers who signed affidavits and the one "tester") were not required to do so. That is sufficient to establish pretext on summary judgment.[4]

### IV. Conclusion

For these reasons, the Carlyle defendant's motion for summary judgment (doc. 82) must be, and is, DENIED.

**DONE and ORDERED this 17th day of February, 2009.**

/S/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

[4] My conclusion that the plaintiff has put forth sufficient evidence of pretext at this stage does not, of course, resolve the ultimate question of discrimination. See, e.g., Damon, supra, 196 F.3d at 1363 n.3.

*Case No.: 3:06-cv-414/RV/EMT*